OLIVER D. CAULK v. WILLIAM G. CAULK.

The sale of intestate real estate under the order of the Orphans' Court, passes all the estate, title and claim which the intestate, at his death, had in law, or equity in or to the premises, to the purchaser from the day of the sale, upon the confirmation of it by that court.

ASSUMPSIT for use and occupation. Oliver D. Caulk, the plaintiff, and William G. Caulk, the defendant, were brothers and tenants in common of a farm of about one hundred and twelve acres in New Castle County, which descended to them as the only heirs at law of their uncle, James Caulk deceased, who died intestate in the month of February or March 1861. By virtue of proceedings instituted in the Orphans' Court for the partition of it, the de_

fendant had become the purchaser and sole owner of
the whole of it, at the sale of it under the order of that
court on the 23rd day of April 1863, and by the confirma-
tion of the sale on the 7th day of September 1863; and
the assignment of the premises to him upon his entering
into recognizance in that court on the 10th day of October
following to pay to the other party entitled his share and
proportion of the appraised value with interest thereon
from the day of the confirmation of the sale. The defend-
ant had been in the sole and exclusive possession of the
premises, and in the receipt of all the rents and profits ac-
cruing from them since the death of James Caulk, the un-
cle, and the action by the plaintiff was for one half of the
clear rents and profits so received by him, from the date of
the death of the uncle to the date of the confirmation of
the sale of the premises to the defendant in the Orphans'
Court on the 7th day of September 1863.

*Spruance, for the plaintiff*, after putting the record of the
proceedings in the Orphans' Court in evidence, and produc-
ing proof of the annual rental value of the premises and
the sole possession of them by the defendant in the mean
time, asked the court to charge the jury that the plaintiff
was entitled to recover compensation in the action for the
use and occupation of the premises in the mean while by
the defendant, and that the measure of his compensation
would be the one moiety or half part of the clear rental
value of the premises per annum from the time of the
death of James Caulk, to the date of the confirmation of
the sale of them to the defendant in the Orphans' Court.

*T. F. Bayard for the defendant*. It appeared by the rec-
ord of the proceedings in evidence, that the premises were
sold under the order of the Orphans' Court on the 23rd day
of April 1863, when the defendant became the purchaser
of them, and that the sale was confirmed at the following
term by that court on 7th of September 1863, and the only
question involved in the case was, to whom belongs the

rent which accrued between the 23rd day of April and the 7th day of September 1863, to the heirs at law of James Caulk deceased, or to the defendant? That is to say, the rent which accrued between the day of the sale and the day of the confirmation of the sale in that court? We unhesitatingly say, to the defendant. *Rev. Code* 282, *sec.* 20.

*Spruance* replied that that construction of the statute and of the provision referred to, had not been as clear and satisfactory to some minds, as it seemed to be to the learned counsel's, but he would be glad to have the decision of the court upon the question, and would therefore submit it without any further argument.

*The Court, Gilpin C. J., charged the jury.* After reading the twentieth section of chapter eighty-five of the Revised Statutes of the State in regard to the real estate of intestates, *Rev. Code* 282, observed that it expressly says that a sale of intestate real estate under the provisions of the act, shall pass to the purchaser of the same, all the estate, title and claim which the intestate, at his death, had in law or equity, in or to the said premises, and he shall hold the same paramount, among other things, to all right and claim of the heirs of the intestate, or any person claiming from or under them. This is the effect which it gives to the sale itself in so many words, and although the sale may not be conclusive in any particular case until its return and subsequent confirmation by the court, yet the confirmation but retroacts upon and relates back to the sale as made in the proceeding, and as the sale spoken of and contemplated in this passage of the statute. In this case the sale was made on the 23rd day of April 1863 under the order of the Orphans' Court and was afterward duly confirmed by that court on the 7th of September following, and therefore, all the estate, title and claim of James Caulk deceased, the intestate in this case, to the whole of the premises, passed to and vested in the purchaser of them, William G. Caulk, the defendant, and he thereby became

seized and possessed in severalty as the sole owner of the entire premises from the day of the sale, and consequently the plaintiff was not entitled to, and could not recover any portion of the rent or proceeds of the premises after the sale, or after the 23rd day of April 1863. But as this was the only defence to the action, the plaintiff was entitled to one half of the rents and profits of the whole premises from the death of James Caulk in February or March 1861 up to that time.